**Joanne HOLLAND, Petitioner,**

**v.**

**STATE OFFICE OF EDUCATION, DIVISION OF REHABILITATION SERVICES, Respondent.**

**No. 910409–CA.**

Court of Appeals of Utah.

June 12, 1992.

Robert B. Denton (argued) Legal Center for People With Disabilities, Salt Lake City, for petitioner.

R. Paul Van Dam, State Atty. Gen. and John S. McAllister, Asst. Atty. Gen. (argued), Salt Lake City, for respondent.

Before GARFF, GREENWOOD and RUSSON, JJ.

## OPINION

GARFF, Judge:

Joanne Holland petitions this court to review a determination by a fair hearing

---

officer (Hearing Officer) of the Division of Rehabilitation Services (Division) denying her reimbursement for transportation costs associated with her vocational rehabilitation. We affirm.

## FACTS

Holland has received support and training from the Division since 1987 in order to complete a social work degree from Utah State University. The Division determined in March 1987 that Holland was eligible to receive benefits for educational rehabilitation services. The Division developed an Individual Work Rehabilitation Plan (Plan) setting out assistance to Holland. The Plan included reimbursement for transportation costs, counseling sessions, vocational counseling and guidance, and a clothing allowance. The Division also paid the tuition, fees and books for Holland's education.

After the Division had developed the Plan, Holland qualified for public assistance and federal education assistance. The public assistance provides just over $393.00 per month in the form of aid to families with dependent children, food stamps and medical transportation allowance. The federal education assistance, in the form of a Pell Grant, provides $2,300.00 per academic year, approximately $255.00 per month, while Holland attends school.

The Division informed Holland in March 1991 that it would no longer allow reimbursement for her transportation expenses under the Plan. Holland requested that the Division conduct a hearing to review that decision. The Hearing Officer determined the Pell Grant was a "comparable" benefit pursuant to 34 C.F.R. § 361.47(b)(4) (1991), and should therefore be used to meet her transportation costs. On May 30, 1991, the Hearing Officer denied Holland's request that the transportation cost reimbursement of $200.00 per month be continued. The Division's executive director did not initiate review within the required twenty days following the decision. Thus, the Hearing Officer's decision represents a final agency action.

## STANDARD OF REVIEW

Holland asserts the Division improperly interpreted and applied federal and state regulations. Our standard of review for determining whether to overturn an agency's decision is governed by Utah Code Ann. § 63–46b–16 (1990).

> [T]he language of section 63–46b–16(4) clearly indicates that absent a grant of discretion, a correction-of-error standard is used in reviewing an agency's interpretation or application of a statutory term.
>
> .... In many cases where we would summarily grant an agency deference on the basis of its expertise, it is also appropriate to grant the agency deference on the basis of an explicit or implicit grant of discretion contained in the governing statute.
>
> ....
>
> .... When there is no discernible legislative intent concerning a specific issue the legislature has, in effect, left the issue unresolved. In such a case, it is appropriate to conclude that the legislature has delegated authority to the agency to decide the issue. Such an approach is particularly appropriate when it is reasonable to assume that the legislature intended the agency to have some discretion in dealing with the statutory provision at issue.

*Morton Int'l, Inc. v. Auditing Div. of the Utah State Tax Comm'n*, 814 P.2d 581, 588–89 (Utah 1991).

To determine the proper standard of review, we consider whether 20 U.S.C. § 1070 (1990), grants discretion to the state agency to define and apply the term "comparable benefits." This term does not appear in the United States Code, but first appears in 34 C.F.R. § 361.47(b)(1). However, the authorizing legislation provides that the "secretary shall ... carry out programs to achieve the purposes of this part." 20 U.S.C. § 1070(b). Thus, the authorizing legislation grants the secretary authority to promulgate the regulations found in 34 C.F.R. § 361. That authority is not challenged in this appeal.

These federal regulations require that the state plan "assure that before the state unit provides any vocational rehabilitation services ... to an individual with handicaps ... it determines whether comparable services and benefits are available under any other program." 34 C.F.R. § 361.47(b)(1). While these regulations do not define the term "comparable services," they specify that where comparable services and benefits are available, "they must be utilized to meet, in whole or in part, the cost of vocational rehabilitation services." *Id.* at § 361.47(b)(4).

In short, the federal regulations grant discretion to the state agency to determine whether those comparable benefits must be utilized in whole or in part to meet the cost of vocational rehabilitation services. *Id.* Thus, so long as the agency acts reasonably within these guidelines, we will affirm the Division's decision. *See Johnson v. Department of Employment Sec.*, 782 P.2d 965, 968 (Utah App.1989).

### COMPARABLE BENEFITS

The Division asserts the governing regulations require that where comparable benefits are available to meet the needs of a client, it must deny benefits. Here, the Division determined that Holland's Pell Grant was a comparable benefit to meet the costs of her transportation. The Division claims it was thereby required to deny Holland reimbursement for those costs.

The Vocational Rehabilitation Program is a federally funded program administered in Utah by the Division. Eligibility to receive benefits under the program may include a determination of financial need. 34 C.F.R. § 361.47(a)(1) and (2). The Division has chosen to use financial need as a determining factor in assessing eligibility under the

program. Because Holland's only income is from exempt sources, the Division determined she was eligible.

Once the Division determines a client is eligible, it is required to seek alternative sources of funding before releasing benefits to the client. 34 C.F.R. § 361.47(b)(1). "[I]f comparable services and benefits are available, they must be utilized to meet, in whole or in part, the cost of vocational rehabilitation services." *Id.* at § 361.-47(b)(4).

The Pell Grant program is a federally funded program to assist college students in meeting the costs of their education. 20 U.S.C. § 1070; *see also* 34 C.F.R. § 668.-32(a)(2) (1991) (requiring a student to certify that Pell awards will be spent solely for education costs associated with attendance). Pell money may be spent on tuition, room and board, books and supplies, and transportation costs. 20 U.S.C. § 1070a–6(5)(A) and (B) (1990).

■ The Division asserts that once Holland began receiving her Pell Grant, the grant then became an alternative source of funding to meet her transportation costs. Holland received approximately $255.00 per month during the academic year from the Pell Grant. Holland's transportation expenses amounted to approximately $200.00 per month. Thus, the Division acted reasonably in determining that Holland's Pell Grant was a comparable benefit to meet her transportation costs.

Moreover, following the Division's determination that a comparable benefit was available to meet Holland's transportation costs, the federal regulations require that Holland utilize the comparable benefit to meet those costs. 34 C.F.R. 361.47(b)(4).[1]

---

1. Holland asserts that under Rule 9.5 of the Division's Case Service Manual, it may not deny benefits until she reaches a Lower Living Standard Income Level (LLSIL). Holland has exempt income of approximately $393.00 per month, and claims to have an LLSIL of $1,014.00 per month. Thus, Holland claims the Division may not find that her Pell award is a comparable benefit for transportation costs.

The Division properly points out that the LLSIL is used for determining eligibility under the program. Thus the LLSIL is separate from the determination of whether comparable services are available. Because Holland's income is exempt, she is automatically eligible to receive benefits and therefore an LLSIL is not calculated. Utah State Office of Rehabilitation *Case Service Manual*, Chapter 8.6B1 and Appendix 8–C § I.

## CONCLUSION

The Division acted reasonably in determining that Holland's Pell Grant is a comparable benefit for transportation costs. Therefore, we hold that the Division reasonably denied Holland's previously awarded transportation allowance.

We affirm.

GREENWOOD and RUSSON, JJ., concur.